■ PLUTA MANUFACTURING CORPORATION, Respondent, v. SMITH-CORONA MARCHANT INC., Appellant.— Judgment and order unanimously reversed, with costs and motion for summary judgment denied, with $10 costs. Memorandum: Plaintiff-respondent was granted summary judgment for the balance it claimed due from defendant-appellant for merchandise and services. The answer denied the value of the goods and services and also denied that any balance was due and owing to the respondent. The affidavits of respondent in support of its motion are buttressed by numerous exhibits purporting to show how it arrived at the amount of the alleged balance due respondent. Just prior to the making of the motion, appellant had demanded a bill of particulars and an examination before trial, neither of which was had due to the speed with which respondent moved for summary judgment. Appellant's affidavits assert an overcharge in the entire contract of approximately 30% and further indicate that respondent was unable to furnish supporting data when appellant sought to investigate the matter. There is ample authority for holding that "A motion for summary judgment should not be granted 'If the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent' (Tripp, A Guide to Motion Practice, § 95, sub. 6, p. 280; *Suslensky* v. *Metropolitan Life Ins. Co.*, 180 Misc. 624, affd. 267 App. Div. 812; *Universal Major Elec. Appliances* v. *Rudisco*, 3 A D 2d 687; *Segal* v. *National City Bank of N. Y.*, 269 App. Div. 986)." (*De France* v. *Oestrike*, 8 A D 2d 735–736.) The facts here presented fall within the reasoning of these cases and raise issues which should not be summarily determined. (Appeal by defendant from judgment and order of Monroe Special Term granting plaintiff's motion for summary judgment in an action for work, labor and services.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.